IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tina Lynn Presley,                              ) | C/A No. 0:20-2829-PJG |
| ) | |
| Plaintiff,          ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v.                              ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the   ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1]              ) | |
| ) | ☒  Affirmed |
| Defendant.          ) | ☐  Reversed and Remanded |
| ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒     Supplemental Security Income ("SSI"):  Plaintiff's age at filing: <u>56</u>

☐     Disability Insurance Benefits ("DIB"):  Date last insured:

☒     Other:  Disabled Widow's Benefits ("DWB").  End of prescribed period: <u>October 31, 2022</u>

Application dates:  <u>March 21, 2017</u> (DWB); <u>March 28, 2019</u> (SSI)

Plaintiff's Year of Birth:  <u>1962</u>

Plaintiff's amended alleged onset date:  <u>July 1, 2018</u>

**Part II—Social Security Disability Generally**

    Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a) and/or § 416.905(a); <u>see</u> <u>also</u> <u>Blalock v. Richardson</u>, 483 F.2d 773 (4th Cir. 1973).  The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below.  20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4).  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  <u>Id.</u>

    A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision: July 22, 2019

The ALJ first observed that Plaintiff met the non-disability requirements for DWB as set forth in the Social Security Act. Next, in applying the requisite five-step sequential process, the ALJ found:

Step 1:   Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:   ☒ Plaintiff has the following severe impairments:
chronic obstructive pulmonary disorder; anxiety; and depression.

☐ Plaintiff does not have a severe impairment.

Step 3:   ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:   Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. She is further limited to occupations requiring no more than simple, routine repetitive tasks, not performed in a fast paced production environment, involving only simple work related instructions and decisions and relatively few workplace change[s]. The claimant will be able to maintain concentration, persistence, and pace for 2-hour increments.

☐ Plaintiff could return to his/her past relevant work.

Step 5:   ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

| Job Title | DOT # | Exertion & Skill Level | Number of Jobs in the National Economy |
|---|---|---|---|
| Laundry worker | 369.687-026 | Medium, SVP 2 | 286,000 |
| Dishwasher | 318.687-010 | Medium, SVP 2 | 155,000 |
| Hand packer | 920.587-018 | Medium, SVP 2 | 41,000 |

Date of Appeals Council decision: June 5, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were

reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

    I.     Did the ALJ err in making his determination that Plaintiff's mental impairments failed to meet the requirements set forth in SSA Listings 12.04 and 12.06?

    II.    Did the ALJ err by failing to properly assess the combined effect of Plaintiff's severe and non-severe impairments?

(Pl.'s Br. at 2, ECF No. 13 at 2.)

**Oral Argument:**

    ☐ **Held on** _____.

    ☒ **Not necessary for disposition.**

**Summary of Reasons**

**A.**    **Listings 12.04 and 12.06**

The plaintiff argues that the ALJ erred in failing to find that she met the requirements of Listings 12.04 and 12.06. At Step Three of the sequential analysis, the Commissioner must determine whether the claimant's impairments meet or medically equal the criteria of one of the Listings and the claimant is therefore presumptively disabled. "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added). It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment. 20 C.F.R. §§ 404.1525(d), 416.925(d); see also Bowen v. Yuckert, 482 U.S.

137, 146 (1987) (noting that the burden is on the claimant to establish that his impairment is disabling at Step Three); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (same).

The ALJ specifically considered the plaintiff's mental impairments and found that "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06." (Tr. 19.) The required level of severity to satisfy Listing 12.04 or Listing 12.06 is met when the criteria in paragraphs "A" and "B" are satisfied or when the criteria in paragraph "A" and "C" are satisfied. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. Here, it appears to be undisputed that the plaintiff met the paragraph A criteria and that she did not meet the paragraph C criteria. Thus, only the paragraph B criteria are at issue. In this case, the ALJ found that the plaintiff did not satisfy the paragraph "B" criteria, which require that the plaintiff's mental impairments result in at least one extreme limitation or two marked limitations in one of the following: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. Here, the ALJ found that the plaintiff had mild limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself. The ALJ also found that the plaintiff had moderate limitations in concentrating, persisting, or maintaining pace and that she did not satisfy the paragraph "C" criteria. (Tr. 20.)

The plaintiff argues that she has at least marked limitations in the areas of interacting with others and in concentration, persistence, or pace. With regard to interacting with others, the plaintiff points out that she indicated she communicates with family members, does not go anywhere regularly, was unable to attend grief meetings because of her depression and anxiety, and has insomnia and biweekly panic attacks. With regard to her concentration, persistence, or

pace, the plaintiff points out that she completes the listed tasks at a much slower pace, and she writes sticky notes as reminders. The plaintiff argues that her mental impairments limit her ability to work due to her lack of concentration and focus and that she is "terrible" at handling stress and any changes in routine. (See Pl.'s Br. at 4, ECF No. 13 at 4) (citing Pl.'s Function Report, Tr. 282, 286, 288). The plaintiff also directs the court to the ALJ's own observation that "the consultative evaluator reported that '[g]iven underlying anxiety and depression, she may experience intermittent impairment in regard to attention and focus.' " (Id.) (citing Tr. 20, 413).

But the existence of records that could reasonably support a finding of more serious limitations in these areas of functioning does not mean that the ALJ's finding of less severe limitations is unsupported. Rather, the ALJ appears to have carefully considered the records and reasonably concluded that the plaintiff's limitations in those areas of functioning were mild or moderate, not marked. In so finding, the ALJ appears to have appropriately relied on the plaintiff's own reported abilities to interact with family; her reported ability to engage in certain activities requiring concentration, persistence, and pace; and, significantly, a consultative examiner's report observing that the plaintiff had no overt social functioning impairment, was interpersonally relatable, and aware of social clues. (Tr. 20.) The ALJ further relied on the consultative examiner's observation that the plaintiff appeared capable of performing simple, repetitive tasks and following basic instructions. (Id.) Acknowledging some limitations noted by the consultative examiner, the ALJ reasonably concluded the plaintiff's limitation in the area of concentration, persistence, and pace was moderate. Although the plaintiff may point to evidence that her limitations in these areas were more severe than the ALJ found, the court cannot re-weigh the evidence and reverse simply because evaluators may reasonably disagree. Substantial evidence supports the ALJ's conclusions, so the court must affirm on this ground.

**B.** **Combination of Impairments**

The plaintiff next argues that the ALJ failed to consider her mental and physical impairments in combination in considering whether she is disabled, citing the ALJ's separate analysis of the mental and physical listings. See 20 C.F.R. §§ 404.1523, 416.923 (indicating that when a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to be the basis of eligibility under the law); Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) ("[I]n evaluating the effect[ ] of various impairments upon a disability benefit claimant, the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them."). In contrast with the arguments presented by the Commissioner, the plaintiff's arguments are primarily conclusory and fail to demonstrate that the ALJ's evaluation of the evidence is unsupported by substantial evidence. Moreover, to the extent that the plaintiff's second issue relates to her residual functional capacity assessment, she has failed to demonstrate what additional limitations should have been included. See, e.g., Glockner v. Astrue, C/A No. 0:11-955-CMC-PJG, 2012 WL 4092618, at *5 (D.S.C. Sept. 17, 2012) (finding that the ALJ sufficiently discussed the plaintiff's alleged impairments and limitations to demonstrate that he considered the plaintiff's impairments in combination and observing that the plaintiff neither cited an impairment ignored by the ALJ nor offered any explanation as to how more discussion or explanation may have changed the outcome in the case); Brown v. Astrue, C/A No. 0:10-cv-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012) ("If the Commissioner's analysis is fragmentized, it is, of course, the Plaintiff's task to adequately show the Court that the Commissioner's decision could have been different had he done an adequate combined effect analysis of his multiple impairments."). Remand is not warranted on this ground.

## ORDER

☒  **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐  Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.

☐  Reversed and remanded for an award of benefits.

**IT IS SO ORDERED.**

August 26, 2021                                     _____
Columbia, South Carolina                  Paige J. Gossett
                                                              UNITED STATES MAGISTRATE JUDGE